ACCEPTED
14-18-00281-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/20/2018 5:01 PM
CHRISTOPHER PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/21/2018 9:50:00 AM
CHRISTOPHER A. PRINE
Clerk

NOTICE: *THIS DOCUMENT CONTAINS SENSITIVE DATA*

COPY

## NO. 14-18-00281-CV

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE APPEALS COURT** |
| | § | |
| **M.E.H.** | § | **14th COURT OF APPEALS** |
| | § | |
| **A CHILD** | § | **TEXAS** |

Filed in The District Court
of Travis County, Texas

MAY 17 2018

At _____4:22____ P. M.

Velva L. Price, District Clerk

## NO. D-1-AG-15-002375

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **M. E. Harp** | § | **345TH JUDICIAL DISTRICT** |
| | § | |
| **A CHILD** | § | **TRAVIS COUNTY, TEXAS** |

## APPELLANT'S MOTION TO DECREASE AMOUNT OF SECURITY

Petitioner (Appellant) asks the Court to decrease the amount of security required to suspend enforcement of the judgment in this case.

### A. INTRODUCTION

1. Plaintiff/Appellant is Celina Harp; defendant/appellee is Stephen Kobdish.

2. This Court signed the final judgment in Kobdish v. Harp, cause number D-1-AG-15-002375 on February 2, 2018 in favor of Stephen Kobdish and his counsel, Kathleen Coble, and against Harp, with compensatory damages in of *attorney fees in the amount of $41,491.50* and all costs of mediator, Judge John Dietz.

3. This case is now pending in the 14th Court of Appeals, styled Harp v. *Kobdish,* cause number 14-18-00281-CV.

4. The 365th District Court of Travis County, Texas, signed the final judgment in Kobdish v. Harp, cause number D-1-AG-15-002375 on February 2, 2018, in favor of appellee and against appellant, with compensatory damages in of *attorney fees in the amount of $41,491.50* and all costs of mediator, Judge John Dietz. The District Court further awarded additional attorney's fees of $4,090.87 to Appellee for *Motion for Dismissal of Suspension of Commitment*; the suspension of commitment was a term/result of the final judgment.

Appellant has paid a total sum of $9,000 in good faith and is lacking funds for a bond.

## B. ARGUMENT & AUTHORITIES

7. The Court may modify the amount or type of security required to suspend enforcement of the judgment. Tex. R. App. P. {*24.3(a)(2)txsub/24.4(d)*}; *see also* Tex. Civ. Prac. & Rem. Code §52.006(c) (trial court must lower amount of security on showing that appellant is likely to suffer substantial economic harm).

8. Petitioner asks the Court to set this motion for a hearing as required by Texas Rule of Appellate Procedure 24.2(b) txsub.

9. Petitioner is likely to suffer substantial economic harm if required to post security in an amount equal to the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *See* Tex. Civ. Prac. & Rem. Code §52.006(c); Tex. R. App. P. 24.2(b)txsub. Particularly;

(1) It would currently take $36,582.37 of cash to post a supersedeas bond in the amount in question. Ramco Oil & Gas, 171 S.W.3d at 917.

(2) Appellant does not have sufficient cash or other assets on hand to post a supersedeas bond in this amount or to post a deposit in lieu of bond in this amount.

(3) Appellant has no other source of funds available. Paying attorneys to avoid litigation in the trial courts and/or to prepare for litigation, and/or to pay other individuals as a result of litigation has exhausted Appellant's funds and Appellant's parent's retirement accounts.

(4) Appellant does not have the ability to borrow funds to post the requisite security. Appellant has a poor credit score due to inability to pay medical school loans in Appellants early twenty's.

(5) Appellant has no unencumbered assets to sell or pledge. Appellant cannot pledge her homestead legally, and Appellant rents business location so it is difficult to sell business. Selling business of Appellant would remove Appellant's source of income.

(6) A transaction in the term of the judgment would have a negative economic impact on the appellant.

(7) Requiring the appellant to take certain action in the form of a supersedeas bond of the full judgment for attorney's fees would likely trigger liquidation or bankruptcy or have other harmful consequences.

10. Petitioner attaches an affidavit stating her net worth, including detailed information about her assets and liabilities. Tex. R. App. P. 24.2(c)(1) txsub.

## C. CONCLUSION

12. Petitioner lacks resources to pay the judgment immediately and will be committed to jail failing to pay, pursuant to the order. Petitioner would suffer irreparable economic hardship in order to pay the judgment or full bond. In order to pay judgment Petitioner would either (a) lose her homestead or (b) lose her source of income/business.

## D. PRAYER

13. For these reasons, Petitioner asks the Court to decrease the amount of security required to suspend enforcement of the judgment to $3,000.00 or less.

Petitioner prays for general relief.

Respectfully Submitted,

*/s/ Celina Harp*
Celina Harp
4109 E 12th St, #2
Austin, Tx 78721
foodsmarty@gmail.com

CERTIFICATE OF SERVICE

Appellant's Motion to Decrease Security

I certify that on Monday, May 21st, 2018, I served a copy of *Appellant's Motion to Decrease Security* filed on Thursday, May 17, 2018, on the *party,* listed below by *email* (pursuant to the Docket Control Order) to:

Kathleen Coble

Sheridan Barrett Coble and Andrae, PLLC

1301 S. Capital of Texas Hwy, Suite C-120

Austin, Texas 78746
(512) 477-4700 (Telephone)
(512) 482-0525 (Telecopier)

kathleen@sbcafamilylaw.com
Attorney for Stephen Kobdish


Steven and Cynthia Harp by oral or hand delivered service

_____
*Celina Harp. Pro Se*

## NO. 14-18-00281-CV

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE APPEALS COURT |
| | § | |
| M.E.Harp | § | 14th COURT OF APPEALS |
| | § | |
| A CHILD | § | TEXAS |

## NO. D-1-AG-15-002375

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| M. E. Harp | § | 345TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | TRAVIS COUNTY, TEXAS |

### Net Worth Affidavit

My name is Celina Harp, under the penalty of perjury I affirm the following statement is true:

"My net worth is as follows. School loans increase daily as I can only pay the interest and little to none of the principle;

| Sellable Item or Debt | Assets | Debts | Notes |
|---|---|---|---|
| SmartFood Kitchen Net Worth | $119,000.00 | | |
| 4109 E 12th St. #2 | | payoff as of June 1, 2018 | $13.57/day add. after June 1st |
| Travis County Appraisal 4109 E 12th St. #2 | 348,778 | 141,962.60 | |
| Bee Hive | 200.0 | | |
| credit card | | 810.64 | |
| Toyota Prius | 7,200 | | good cond./rust/dent |
| School Loans | | 61,675.85 | |
| Cash in Bank | $523.00 | | |
| Total | $271,253.00 | | |

1

All of the assets are intangible and would require the sell of my homestead or the sell of my source of income. If I sold my source of income (SmartFood Kitchen) then I would not be able to pay my school loans, support my child, or pay for my home. "

_____ (Date)

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the ___17___ day of
May,
2018
_____
Notary Public, State of Texas

Notary's printed name:
___Maria Zamora_____ My commission expires: 02/16/2022

2